UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., <br><br> Plaintiff, <br> v. <br><br> DEPARTMENT OF ENERGY, et al., <br><br> Defendants. | CASE NO. C21-0481JLR <br><br> ORDER DISMISSING COMPLAINT |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Clarence D. Johnson, Jr.'s complaint against the Department of Energy ("DOE") and eleven additional Defendants (Compl. (Dkt. # 8)) and Magistrate Judge Michelle L. Peterson's order granting Mr. Johnson in forma pauperis ("IFP") status and recommending that the court review this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 7)). Under 28 U.S.C. § 1915(e), courts have authority to review IFP complaints and must dismiss them if, "at any time," a complaint

is determined to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As discussed below, Mr. Johnson's complaint falls within the category of pleadings that fail to state a claim. Accordingly, the court DISMISSES Mr. Johnson's complaint without prejudice and with leave to amend.

## II. BACKGROUND

Mr. Johnson brings this lawsuit against the DOE, Joe Biden, Kamala Harris, Angela Byers, Queen Elizabeth, Magistrate Judge Jon A. York, the Chicago Tribune, the Chicago Sun Times, the Illinois Sun Times, Agility PR Solutions Ltd London, "Canadian Newspapers," and Gary Mason. (*See* Compl. at 1-5.) He alleges, as his statement of claim, "Covid 19 CDC K9 face mask FDA Medical Crimes DOT Crimes Illinois Restaurant Association." (*Id.* at 5.) He seeks, as relief, "Contact Cochran Lawfirm . . . regarding any Prisoner Property seizure's [sic]." (*Id.*) He attaches an exhibit to his complaint but does not explain how that exhibit relates to his alleged claims. (*See id.*, Ex. 1.[1])

## III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of

---

[1] This exhibit is subject to a pending motion to seal. (*See* Mot. to Seal (Dkt. # 2).)

Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Mr. Johnson is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). But even liberally construed, Mr. Johnson's complaint fails to plausibly establish the Defendants' liability or raise his "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

Here, the court is unable to determine the basis of Mr. Johnson's claims against the diverse set of Defendants named in his complaint. Even construing the complaint liberally, as it must, the court is unable to determine what claims Mr. Johnson has brought and what facts support those claims. For these reasons, the court concludes that Mr. Johnson's complaint fails to state a claim against Defendants and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, the court grants Mr. Johnson fourteen (14) days to file an amended complaint that properly addresses the pleading deficiencies identified in this order. If Mr. Johnson fails to timely comply with this order or fails to file an amended complaint that corrects the identified deficiencies, the court will dismiss his complaint without leave to amend.

## III.   CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Johnson's complaint (Dkt. # 8) without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend within fourteen (14) days of the filing date of this order.

Dated this 29th day of April, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 4